Rosen, J., concurring:
I concur with the majority's reasoning and conclusion. I write separately to express my doubt that the Fourth or Fifth Amendments to the United States Constitution permit law enforcement officers to dangle liberty in front of someone like a carrot in an attempt to secure justification for the violation of individual constitutional rights. I agree that the deputy's statement that Schooler was "good to go" is not legally relevant to the reasonable suspicion analysis in this case, since the suspicion was fully present before the deputy told Schooler he could leave. I also agree that the issue of whether any consent or confession was voluntary is a question for another day because the statement did not elicit either of those from Schooler. However, there should be no doubt that constitutional concerns arise when a detained traveler on the roadway is purposely misinformed that the basis for the detention is no longer in place and as a result the traveler is free to leave.
"You are free to go," or anything resembling it, is a special and significant declaration. It informs a person that his or her right to freedom is once again fully intact. When used as an investigatory ploy, it undermines the significance of the liberty interest it is intended to effectuate. This is especially true when the agent of the government entrusted with the power to detain is the one proclaiming the detention is no longer in force. Deputy Justin Stopper's investigatory tactics here are a threat to the integrity of an individual's right to be free from unreasonable search or seizure and the privilege against compelled self-incrimination. The specific technique of telling Schooler he was free to leave when he had no intention of letting Schooler depart reeks of fraud or coercion. Coercion is a benchmark for interactions requiring Miranda protections-interactions showcasing "inherently compelling pressures ... which work to undermine the individual's will to resist ...." See Berkemer v. McCarty , 468 U.S. 420, 433, 440, 104 S.Ct. 3138, 82 L.Ed. 2d 317 (1984) (holding that "persons temporarily detained pursuant to [ordinary traffic] stops are not 'in custody' " for Miranda purposes because such stops are "noncoercive"); Miranda v. Arizona , 384 U.S. 436, 467, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). I cannot join the majority without expressing my suspicion that, in the absence of those procedural protections, the deputy's investigatory tactic may have been constitutionally impermissible. Had that method provoked consent or a confession, or had it served as the impetus for reasonable suspicion, I suspect that Schooler's suppression motion would likely have resulted in a different outcome. Thus, while I concur with the majority's decision in this case, I would caution our law enforcement officers against using the promise of freedom in any attempt to circumvent the protections afforded by our Constitution.
Beier and Johnson, JJ., join the foregoing concurrence.